UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
CRIMINAL NO. 01-246(RHK/JSM)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>BASIM OMAR SABRI,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | **GOVERNMENT'S MOTION IN LIMINE FOR ORDER EXCLUDING EVIDENCE REGARDING GOVERNMENT'S ALLEGED ENTRAPMENT OF OTHERS** |

The United States of America, by and through its attorneys Thomas B. Heffelfinger, United States Attorney for the District of Minnesota, and Michael W. Ward and Nicole A. Engisch, Assistant United States Attorneys, hereby respectfully seeks an order excluding evidence offered by the defense, whether by cross-examination or otherwise, regarding the government's alleged entrapment of other individuals.

Not surprisingly, the government has investigated individuals other than the defendant with respect to allegations of bribery or other matters of public corruption in and around the City of Minneapolis. The government believes that the defense may attempt to introduce evidence involving other individuals in which the defense will claim that the government, through its informant or otherwise, has engaged in entrapment.

The evidence regarding alleged entrapment by the government of

other individuals should be excluded, because 1) it is not relevant to this case and is thus inadmissible pursuant to Rule 402, 2) the evidence holds no probative value while threatening confusion and causing a waste of time and resources, and thus is excludable pursuant to Rule 403, 3) it would be improper character assassination directed towards the government and its witnesses in violation of Rule 404(b), and 4) if demonstrated by extrinsic evidence, would violate Rule 608(b) as well.

Federal Rule of Evidence 403 precludes evidence that confuses the issues and causes undue delay. See Fed. R. Evid. 403 (barring evidence when "its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, [or] waste of time. . ."). If the defendant introduces evidence about other individuals and their alleged entrapment by the government, the jury is likely to be misled and confused with respect to what happened in this case with this defendant. The trial will also undoubtedly be greatly lengthened as both sides contest the matter of entrapment with respect to other individuals not charged in this case.

Rule 404(b) bars evidence of other wrongful conduct to prove character of a person; that is, it prohibits the defense from introducing alleged prior bad act evidence of a government witness (i.e., an investigator or informant) when offered to show that the

person acted in conformity with that bad character when dealing with the defendant. In other words, the defendant is not permitted to argue that evidence that someone else was allegedly entrapped by the government is relevant to show that the government entrapped him.

Rule 608(b) prohibits introduction of extrinsic evidence of specific instances of conduct for the purpose of attacking a person's character. Thus, as with Rule 404(b), the defendant will not be permitted to introduce specific instances of conduct, namely, alleged entrapment of others, by the government or its informant for the purposes of impeaching that witness at trial.

The rationale behind all of the foregoing rules is that the trial should not be diverted from the case at hand so that it turns into a series of mini-trials within a trial. Indeed, the same issues presented by this motion were raised in United States v. Meyer, 803 F.2d 246, 249 (6th Cir. 1986), and the court upheld "the trial court's refusal to permit four witnesses to testify that they had been entrapped by . . . the government informant." The court observed that "[a]ny evidence of [the informant's] dealings with other[s] . . . is, at most, remotely relevant. The predisposition of others to commit a crime is wholly irrelevant to the predisposition of [the defendants]." Id. For the same reasons, this Court should exclude any evidence offered by the defense with respect to the government's alleged entrapment of other

individuals.

Dated: November 1, 2004

Respectfully submitted,

THOMAS B. HEFFELFINGER
United States Attorney

s/Nicole A. Engisch

BY: MICHAEL W. WARD
Assistant U.S. Attorney
Attorney ID Number 190755
BY: NICOLE A. ENGISCH
Assistant U.S. Attorney
Attorney ID No. 215284