UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
CRIMINAL NO. 01-246(RHK/JSM)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | **GOVERNMENT'S PROPOSED JURY INSTRUCTIONS REGARDING SENTENCING FACTORS** |
| Plaintiff, | ) | |
| v. | ) | |
| BASIM OMAR SABRI, | ) | |
| Defendant. | ) | |

The United States of America, by and through its attorneys Thomas B. Heffelfinger, United States Attorney for the District of Minnesota, and Michael W. Ward and Nicole A. Engisch, Assistant United States Attorneys, hereby respectfully requests that the Court instruct the jury as submitted in the attached proposed jury instructions with respect to sentencing factors.

Dated: November 1, 2004

Respectfully submitted,

THOMAS B. HEFFELFINGER
United States Attorney

s/Nicole A. Engisch

BY: MICHAEL W. WARD
Assistant U.S. Attorney
Attorney ID Number 190755
BY: NICOLE A. ENGISCH
Assistant U.S. Attorney
Attorney ID No. 215284

JURY INSTRUCTION NO. 1

**Introduction**

In view of your verdict that the defendant is guilty of the offenses with which he is charged in the Indictment, you must now decide certain factual questions. You should answer each question only with regard to those counts of which the defendant has been found guilty.

You must unanimously agree on the answers to the questions (referred to as "jury interrogatories") which are asked of you. The government has the burden of proving beyond a reasonable doubt the answers to the various questions you are being asked.

While deliberating, you may consider any evidence offered by the parties at any time during the trial. However, you must not reexamine your previous determinations regarding the defendant's guilt. All of the instructions previously given to you concerning your consideration of the evidence, the definition of reasonable doubt, the credibility of the witnesses, your duty to deliberate together, your duty to base your verdict solely on the evidence without prejudice, bias or sympathy, and the necessity of a unanimous verdict, will continue to apply during these deliberations.

Written jury interrogatories have been prepared for your convenience. You must unanimously agree, by proof beyond a reasonable doubt, as to each jury interrogatory. You will take the jury interrogatories to the jury room. When you have reached

unanimous agreement on the jury interrogatories, have your foreperson fill in, date and sign the jury interrogatories, then return to the Courtroom.

JURY INSTRUCTION NO. 2

In Jury Interrogatory No. 1, you are asked to determine whether the defendant committed an offense involving more than one bribe. You are instructed that there are several factors that you may use to help distinguish between multiple bribes (i.e., more than one bribe) and a single bribe. You may consider all factors but you do not necessarily have to conclude that all factors point the same way to decide whether there was more than one bribe or only a single bribe. How each of these factors is to be weighed is entirely for you to decide.

The first factor you may consider is whether payments paid or to be paid were made or were to be made to influence or elicit a single action on the part of the recipient, that is, receiver, of the payment. If so, this may point toward a single bribe. If not, this may point toward more than one bribe. A single action is to be distinguished from, and is not the same as, a single overall goal. Thus, multiple payments meant to influence more than one action should not be considered as part of a single bribe merely because they share a single overall goal or are part of a single larger effort to enrich a particular person or enterprise.[1]

The second factor you may consider is whether the pattern and amount of payments bear the hallmarks of installment payments, such as a regular schedule of payments over a finite period of time toward a fixed final sum. If so, this may point toward a single

[1] United States v. Arshad, 239 F.3d 276, 280-82 (2d Cir. 2001).

bribe. If not, this may point toward more than one bribe. Related payments that, in essence, constitute a single incident of bribery (e.g., a number of installment payments for a single action) are to be treated as a single bribe, even if charged in separate counts.[2] On the other hand, if a series of intermittent and varied payments were made or to be made, then these would be treated as more than one bribe.[3]

The third factor you may consider is whether the method for making each payment is the same; whether, for example, the payments involve the same maker and recipient of the bribe in each instance, and whether the payments are made in the same form and by the same means. If so, this may point toward a single bribe. If not, this may point toward more than one bribe. Moreover, while the existence of multiple recipients and payment methods may demonstrate the existence of multiple bribes, the opposite is not true. Having a single recipient and single set of payment methods does not, by itself, establish that separate payments for separate purposes constitute a single bribe.[4]

---

[2]Appl. Note 6 to U.S.S.G. § 2C1.1.

[3]Id.

[4]Arshad, 239 F.3d at 280-82.

JURY INSTRUCTION NO. 3

In Jury Interrogatory Nos. 2, 3, and 4, you are asked to determine the value of the payment and whether it exceeds certain dollar amounts listed in those interrogatories. You are instructed that "payment" in those interrogatories refers to the bribe payment paid or to be paid.

The value of the payment need not be determined with precision.[5] The jury need only make a reasonable estimate of the value of the payment, given the available evidence.[6]

Attempted bribes are treated as equivalent to completed bribes, and this includes for purposes of determining the value of the payment of the bribe or attempted bribe.[7]

---

[5]Appl. Note 9 to 2F1.1.

[6]Id.

[7]Commentary (Background), to U.S.S.G. § 2C1.1.

JURY INSTRUCTION NO. 4

With respect to Jury Interrogatory Nos. 5 and 6, you need to determine the value of the benefit to be received by the maker of the bribe in return for the bribe payment.

The value of "the benefit to be received" means the net value of such benefit [such as the amount of profit to be made on a contract awarded in return for a bribe].[8] In calculating the value of the benefit received from a bribe, you may consider the revenues received or to be received by the maker of the bribe.[9]

Do not deduct the value of the bribe itself in computing the value of the benefit received or to be received.[10]

Attempted bribes are treated as equivalent to completed bribes, and this includes for purposes of determining the value of the benefit to be received from the bribe or attempted bribe.[11]

You may consider the expected benefits, as well as any actual benefits received by the maker of the bribe.[12] The amount of benefit associated with the bribery offense is the greater of the actual or intended (that is, expected), benefits, even if the intended benefits exceeds the amount of benefits actually possible,

---

[8]Appl. Note 2 to U.S.S.G. § 2C1.1.

[9]United States v. Pena, 268 F.3d 215, 221-22 (3d Cir. 2001).

[10]Appl. Note 2 to U.S.S.G. § 2C1.1.

[11]Commentary (Background), to U.S.S.G. § 2C1.1.

[12]United States v. Griffin, 324 F.3d 330, 366 (5th Cir. 2003).

or likely to occur, as a result of the defendant's bribe.[13]

The amount of the value of the benefit need not be determined with precision. The jury need only make a reasonable estimate of the value of the benefit, given the available evidence.[14]

---

[13]United States v. Quinn, 359 F.3d 666, 680 (4th Cir. 2004)(citing U.S.S.G. § 2Ff1.1, commentary n. 8); see also Appl. Note 3(A)(ii) (defining "intended loss" as including "pecuniary harm that would have been impossible or unlikely to occur.").

[14]Appl. Note 9 to 2F1.1.

JURY INSTRUCTION NO. 5

In Jury Interrogatory No. 7, you are asked to determine whether the defendant committed an offense involving a payment for the purpose of influencing an elected official. An elected official is someone who holds his or her position because the voters elected him or her to it.[15]

[15] See, e.g., E.E.O.C. v. State of N.Y., 729 F.Supp. 266, 274 (S.D.N.Y.), order rev'd on other grounds, 907 F.2d 316 (2d Cir. 1990).

JURY INSTRUCTION NO. 6

In Jury Interrogatory No. 8, you are asked to determine whether the defendant committed an offense involving a payment for the purpose of influencing any official holding a high-level decision-making and sensitive position. You are instructed that an "official holding a high-level decision-making or sensitive position" includes but is not limited to prosecuting attorneys, judges, agency administrators, supervisory law enforcement officers, as well as other governmental officials with similar levels of responsibility.[16] The key inquiry in determining whether an official holds a high-level decision-making and sensitive position is the level of responsibility the official exercises, including whether the official exercises a substantial amount of unilateral discretion over government programs and/or government employees.[17]

[16] Appl. Note 1 to U.S.S.G. §2C1.1

[17] United States v. Gatling, 96 F.3d 1511, 1526 (D.C. Cir. 1996); see United States v. Snell, 152 F.3d 345, 347 (5th Cir. 1998).