UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
CRIMINAL NO. 01-246(RHK/JSM)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>BASIM OMAR SABRI,<br><br>Defendant. | ) | **UNITED STATES' RESPONSE TO DEFENDANT'S RENEWED AND OTHER PRETRIAL MOTIONS** |

The United States, by and through its attorneys, Thomas B. Heffelfinger, United States Attorney, and Michael W. Ward and Nicole A. Engisch, Assistant United States Attorneys, hereby submits the United States' Response to Defendant's Renewed and Other Pretrial Motions.

**1. Defendant's Renewed Motion for Participation in Voir Dire**

The United States does not object to the defendant's renewed motion for participation in voir dire. The defendant previously filed the same motion, and the Court denied it without prejudice on November 15, 2001. See Court's 11/15/01 Order affirming Order of Magistrate Judge Mason of October 5, 2001 (attached).

**2. Defendant's Renewed Motion to Compel Disclosure of Informants, Informant Files, and Disclosure of Witness Protocols**

The defendant has renewed his motion for the disclosure of informants, informant files, "witness protocols" and to compel interviews with "government informants." The United States objects to the motion as not supported by law. Moreover, this motion was

previously filed and fully considered by Magistrate Judge Mason who denied the motion in an order dated October 5, 2001. See Magistrate Judge's 10/5/01 Order and Memorandum (attached). The defendant appealed, and on November 15, 2001, this Court affirmed the Magistrate Judge's order with prejudice. See Court's 11/15/01 Order affirming Order of Magistrate Judge Mason of October 5, 2001 (attached).

As the Magistrate Judge stated, "the identities of the informants [Selwin Ortega and Brian Herron] are known to Defendant, and the Government intends to call them at trial. Under these circumstances, because Defendant will have the opportunity to cross-examine these witnesses at trial, the Government has no obligation to produce them prior to trial." Magistrate Judge's 10/5/01 Order and Memorandum at 4 (citing United States v. Gullickson, 982 F.2d 1231, 1234 (8th Cir. 1993); United States v. Foster, 815 F.l2d 1200, 1202-03 (8th Cir. 1987)). Moreover, the United States has disclosed or will disclose any promises of benefits or inducements and other substantially impeaching information for each and every government witness. To the extent an "informant file" or "witness protocol" exists for either witness and to the extent it contains exculpatory or impeaching information, that information has been disclosed. However, a government file not containing substantially impeaching or exculpatory information is not discoverable based merely on speculation that such information may be present.

The United States objects to any further disclosure of any alleged confidential informants. The law is well settled that the United States has a privilege to withhold the disclosure of the identity of its informants. McCray v. Illinois, 386 U.S. 300 (1967). "In order to override the Government's privilege of nondisclosure, defendants must establish beyond mere speculation that the informant's testimony will be material to the determination of the case." United States v. Harrington, 951 F.2d 876, 877 (8th Cir. 1991). Magistrate Judge Mason agreed that "Defendant has not made any showing regarding materiality of any potential informant's testimony," and that therefore "his request for disclosure of informants is denied." Magistrate Judge's 10/5/01 Order and Memorandum at 3. For all of these reasons, the defendant's motion to compel informant-related disclosure should be denied.

**3. Defendant's Motion to Dismiss the Superseding Indictment for Outrageous Government Conduct**

The defendant's motion to dismiss the superseding indictment for outrageous government conduct, which is essentially a renewed motion, fails to allege any set of facts or present any legal authority which supports dismissal of the superseding indictment. The defendant essentially contends that it was "outrageous" for the United States to patiently and covertly collect evidence of his corruption by using a cooperating public official without defendant's knowledge. Obviously, covert tactics must be employed

to capture persons such as the defendant who secretly corrupt government processes.

In any event, this motion was previously submitted to and fully considered by Magistrate Judge Mason, who denied it on October 5, 2001, stating "that there is no evidence at all to substantiate a claim that the conduct of the government was improper in any respect, let alone that it was so improper as to rise to the level of outrageous conduct." Report and Recommendation dated October 5, 2001, at 12; see id. at 11 (citing United States v. Finley, 173 F.3d 645, 647 (8th Cir. 1999) for his conclusion that "[t]he course of governmental conduct described earlier is hardly outrageous; in fact, it does not entail anything that is in any way atypical of what government does to detect and prevent crime on a daily basis."). The defendant objected to the Report and Recommendation, and this Court denied the defendant's motion with prejudice on November 15, 2001. See Court's 11/15/01 Order adopting Report and Recommendation (attached). The renewed motion should therefore be denied.

**4. Defendant's Motion to Declare the Federal Sentencing Guidelines Unconstitutional**

The United States opposes the defendant's motion to declare the U.S. Sentencing Guidelines unconstitutional in light of Blakely v. Washington, 124 S. Ct. 2531 (2004).[1]

---

[1]In Blakely, the Court held that the application of a Washington sentencing procedure did not comport with the Sixth Amendment where a pertinent sentencing finding was made by a judge rather than a jury. The Supreme Court stated that this procedure violated the principle set forth in Apprendi v. New

It is the United States's position that Blakely does not apply to the U.S. Sentencing Guidelines because those guidelines have repeatedly been upheld by the Supreme Court and because they differ in material respects from the Washington state scheme at issue in Blakely. Thus, unless and until the Supreme Court rules that Blakely applies to the U.S. Sentencing Guidelines, this Court is bound by prior Supreme Court and Eighth Circuit precedent to hold that Blakely does not invalidate the U.S. Sentencing Guidelines.[2]

Nonetheless, as the Court is aware, the answer to this constitutionality question will be directly controlled by decisions that will come from the Supreme Court in U.S. v. Booker, No. 04-104 and in the companion case to Booker, U.S. v. Fanfan, No. 04-105. See Eighth Circuit Court of Appeals Administrative Order Regarding Blakely Cases, dated September 27, 2004 (adopting procedures that,

---

Jersey, 530 U.S. 466 (2000), which held that any fact which increases a statutory maximum sentence must be found by the jury under a reasonable doubt standard. The Blakely Court further stated that "the 'statutory maximum' for Apprendi purposes is the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant." Blakely, 124 S. Ct. at 2537 (emphasis in original). The Blakely Court, however, expressly declined to pass judgment on the federal guidelines. See id. at 2538 n.9.

[2] See, e.g., Mistretta v. United States, 488 U.S. 361 (1989)(holding federal sentencing guidelines were constitutional, amounting to neither excessive delegation of legislative power nor violation of separation of powers principle); Edwards v. United States, 523 U.S. 511, 514-15 (1998)(holding that so long as a sentence does not exceed the statutory maximums established by Congress for the offense of conviction, a federal guidelines sentence can, in fact, sometimes must, be based on judge-found conduct not proved to a jury); United States v. Piggie, 316 F.3d 789, 791-92 (8th Cir.), cert. denied, 124 S. Ct. 157 (2003)(holding that the federal guidelines do not violate the rule of Apprendi).

among other things, defer various decisions until after the Supreme Court issues its decisions in Booker and Fanfan.). Rather than attempt to anticipate the Supreme Court's holdings, the United States respectfully contends that the safest course is for the Court to obtain a jury verdict that will protect against the possible impact of the Supreme Court, or for that matter, other appellate, decisions. For this reason, the United States has elected as a protective measure to charge the pertinent enhancement factors in the superseding indictment and to seek a jury determination regarding each. It is also possible that the Supreme Court may hold that Blakely does not apply to the U.S. Sentencing Guidelines. Because of that possibility, and to protect against any potential prejudice to the defendant from having the sentencing factors presented to the jury, the United States does not object to the defendant's motion for a bifurcated trial with respect to sentencing factors.

**5. Defendant's Request for a Bifurcated Trial**

As stated above, the United States does not oppose the defendant's request for a bifurcated trial in this case.

**6. Defendant's Motion to Strike Surplusage from the Superseding Indictment**

The United States would consider acquiescing to the defendant's motion if the defendant waives all Blakely-based objections to the application of the federal sentencing guidelines to his offense conduct. However, assuming that the defendant is unwilling to do so, the defendant's motion to strike surplusage

from the superseding indictment is meritless and should be denied. To protect against the concerns raised in the defendant's motion, however, the United States does not object if the Court were to redact the "Sentencing Allegations" from the superseding indictment read and presented to the jury in the guilt phase of the trial, while reinstating those allegations for the sentencing factor phase of the trial.

The superseding indictment includes a section entitled "Sentencing Allegations" which set forth those sentencing enhancement factors which the United States believes are applicable in this case. The United States set forth the Sentencing Allegations in anticipation of seeking a jury determination regarding the existence of the charged factors. As mentioned above, the United States has adopted this course as a protective measure in light of the Supreme Court's decision in Blakely v. Washington, 124 S. Ct. 2531 (2004). That is, it must be recognized that the Supreme Court, applying the reasoning of Blakely, may ultimately hold that with regard to the application of federal sentencing enhancements, it is necessary for any fact supporting a sentencing enhancement or upward departure to rest on a jury verdict. Therefore, the United States deems it prudent to obtain a jury verdict to protect against the possible impact of adverse Supreme Court or other appellate decisions.

The Sentencing Allegations provided to the defendant in the superseding indictment are not subject to abrogation as surplusage. In general, the Court may strike, as surplusage and superfluous,

language which is both inflammatory and which unfairly prejudices the accused. See, e.g., Dranow v. United States, 307 F.2d 545, 558 (8th Cir. 1962) (requiring both inflammatory and prejudicial matter). Because the Sentencing Allegations are relevant to the offenses charged in this case and are not prejudicial and inflammatory, they are therefore not surplusage.

A motion to strike surplusage is permitted under Rule 7(d) of the Federal Rules of Criminal Procedure. However, "the scope of a district court's discretion to strike material from an indictment is narrow." United States v. Oakar, 111 F.3d 146, 157 (D.C. Cir. 1997). "The standard under Rule 7(d) has been strictly construed against striking surplusage." United States v. Jordan, 626 F.2d 928, 930 n.1 (D.C. Cir. 1980). A "motion to strike surplusage [from the indictment] should be granted only if it is clear that the allegations are not relevant to the charge and are inflammatory and prejudicial." United States v. Rezaq, 134 F.3d 1121, 1134 (D.C. Cir. 1998)(quoting 1 Charles Alan Wright, Federal Practice and Procedure § 127, at 426 (1982)); see United States v. Figueroa, 900 F.2d 1211, 1218 (8th Cir. 1990); see also United States v. Behenna, 552 F.2d 573, 576 (4th Cir. 1997); United States v. Root, 366 F.2d 377, 381 (9th Cir. 1996); United States v. Collins, 920 F.2d 619, 631 (10th Cir. 1990); United States v. Huppert, 917 F.2d 507, 511 (11th Cir. 1990); United States v. Scarpa, 913 F.2d 993, 1013 (2d Cir. 1990).

The Sentencing Allegations described in the superseding indictment are neither irrelevant nor unduly prejudicial. Rather,

they are the very factors which by law are pertinent to the determination of the defendant's sentence in this case. While the United States traditionally would not seek to include these factors in the indictment itself, it has done so in anticipation of a claim, based on Blakely, that such notice afforded by the grand jury is essential to the Court's power to impose the sentence permitted by law.

The defendant's argument as to Blakely is at best inconsistent. On the one hand, he suggest that, after Blakely, there may be no sentencing enhancement without a unanimous finding beyond a reasonable doubt by the jury. See Mem. of Law in Support of Motion to Strike Surplusage at 4. On the other hand, he argues that the "Sentencing Allegations" section of the superseding indictment, which charges and puts the defendant on notice of possible sentencing factors, is surplusage and must be stricken. If the factors are not charged, they may not be submitted to the jury, and the defendant could receive an artificially low sentence.

Simply put, the defendant cannot have it both ways. If the defense view is that, under Blakely as well as Apprendi v. New Jersey, 530 U.S. 466, 490 (2000), "enchancer-triggering facts 'must be submitted to a jury, and proved beyond a reasonable doubt,'" (see Def. Sabri's Request for a Bifurcated Trial at 1), then it is incumbent on the United States to provide notice of those "enchancer-triggering facts" and seek jury resolution of them. If, on the other hand, the defendant takes a different view and essentially wishes to waive any Blakely claim, the United States

would agree to have the Sentencing Allegations stricken and proceed under the procedural rules which were universally applied before Blakely was decided.

Absent such a waiver by the defendant, the Sentencing Allegations are relevant to sentencing issues and are not inflammatory or unfairly prejudicial. For these reasons, other courts have recently denied similar motions to strike sentencing allegations as surplusage. See, e.g., United States v. Mickle, 2004 WL 2302865, *3 (D. Minn. 2004)(Montgomery, J.); United States v. Gotti, 2004 WL 2389755, *4 (S.D.N.Y. 2004); United States v. Jamison, 2004 WL 2385003, *3 (W.D. Wis. 2004). Moreover, any concerns about prejudice the defendant might suffer should be alleviated by withholding submission of the Sentencing Allegations to the jury, until after the jury has first determined guilt. In that circumstance, the Sentencing Allegations plainly would not be inflammatory or unduly prejudicial to the defendant.[3]

In sum, the Sentencing Allegations have put the defendant on notice of additional factors to be proved. Their submission to the jury after it determines guilt is plainly justified and would not prejudice the defendant. The motion to strike the Sentencing Allegations from the superseding indictment should be denied.

---

[3]A number of courts have authorized the convening of a jury for the purpose of deciding sentencing factors. United States v. Booker, 375 F.3d 508, 514 (7th Cir. 2004), cert. granted on other grounds, 2004 WL 1713654 (U.S. Aug. 2, 2004); United States v. Ameline, 376 F.3d 967, 983-84 (9th Cir. 2004); United States v. Landgarten, 325 F. Supp. 2d 234 (E.D.N.Y. 2004); see also United States v. Khan, 325 F. Supp. 2d 218, 226-27 (E.D.N.Y. 2004).

**7. Defendant's Motion to Dismiss the Superseding Indictment Because 18 U.S.C.§ 666 is Unconstitutional As Applied**

The best that can be said of the defendant's challenge to the constitutionality of Section 666 as applied to him is that it is not procedurally ripe. Such an argument should be deferred until the conclusion of the Government's case. See United States v. DeLaurentis, 230 F.3d 659, 660-661 (3rd Cir. 2000)(district court may not dismiss indictment before trial because of its conclusion that the evidence will show a lack of federal nexus to bribery conduct).

In addition to being premature, the defendant's argument that Section 666 is unconstitutional as applied to him is essentially the same argument he made in challenging the facial validity of the statute: The Government cannot show a nexus between the federal funds and the acts of bribery. If he raises that same argument at the close of the Government's case, his motion should nonetheless be denied. In Sabri v. United States, 124 S.Ct. 1941 (2004), the Supreme Court held that Section 666 did not require a nexus between criminal activity and federal funds. Id. at 1945 (Court "readily dispose[d] of the position that, to qualify as a valid exercise of Article I power, the statute must require proof of connection with federal money as an element of the offense."). In so doing, the Supreme Court expressly rejected the defendant's argument that any bribe covered by Section 666 needed to be "traceably skimmed from specific federal payments." Id. at 1946. The Court stated, "[i]t is certainly enough that the statutes condition the offense on a

threshold amount of federal dollars defining the federal interest, such as that provided here, and on a bribe that goes well beyond liquor and cigars." Id. If, as is clear after Sabri, no nexus is required under the statute, it therefore follows that the government need not prove (nor allege) any nexus.[4]

Dated: November 4, 2004

Respectfully submitted,

THOMAS B. HEFFELFINGER
United States Attorney

s/Nicole A. Engisch

BY: MICHAEL W. WARD
Assistant U.S. Attorney
Attorney ID Number 190755
BY: NICOLE A. ENGISCH
Assistant U.S. Attorney
Attorney ID No. 215284
Attorney ID No. 215284

[4]Even if there were a nexus requirement, the evidence at trial would more than meet that requirement. As alleged in Count 3 of the superseding indictment, the defendant promised Herron a 10% kickback on any economic development funding, that is, federal funds, that could be steered to the defendant's project. In Salinas v. United States, 522 U.S. 53 (1997), the Court found that, to the extent Section 666 required a connection between the bribery and federal funds, that requirement was amply met in that case because "the bribe was related to the housing of a prisoner in facilities paid for in significant part by federal funds themselves." Id. at 59. Given that these minimal facts in Salinas satisfied any nexus requirement, the facts in this case, where one of the bribes at issue was expressly tied by the defendant to the amount of federal funding that Herron could deliver, should more than satisfy any nexus requirement.