UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

UNITED STATES OF AMERICA, CRIMINAL NO. 01-246 (RHK/JMM)

Plaintiff,

v. ORDER

BASIM OMAR SABRI,

Defendant.

The above matter came on for hearing before the undersigned on October 2, 2001 upon Defendant's Motions for Disclosure of Informants, Informant Files, Witness Protocols, and to Compel Pretrial Interviews with Government Informants [Docket No. 14], for Leave to File Additional Motions [Docket No. 16], for Continuance of Trial [Docket No. 17][1], for Participation in Voir Dire [Docket No. 18], and for Disclosure of Expert Witnesses [Docket No. 19]. Michael W. Ward, Esq., Assistant United States Attorney, appeared on behalf of Plaintiff; Andrew S. Birrell, Esq. appeared on behalf of Defendant.

The Court, being duly advised in the premises, upon all of the files, records and proceedings herein, now makes and enters the following Order.

IT IS HEREBY ORDERED:

1) Defendant's Motions for Disclosure of Informants, Informant Files, Witness Protocols, and to Compel Pretrial Interviews with Government Informants [Docket No. 14] and for Leave to File Additional Motions [Docket No. 16] are denied.

---

[1] Although Defendant did not specify a new trial date in his Motion, at the hearing his attorney stated that he was seeking postponement of the trial until January 2002.

OCT 05 2001

FILED
REC'D
JUDGMENT
DEPUTY CLERK

2) Defendant's Motions for Continuance of Trial [Docket No. 17] and for Participation in Voir Dire [Docket No. 18] are denied without prejudice to Defendant's right to present the motions to the District Court.

3) Defendant's Motion for Disclosure of Expert Witnesses [Docket No. 19] is denied based on the representations of the Government in its response to the Motion.

Dated: October 5, 2001

JOHN M. MASON
United States Magistrate Judge

**MEMORANDUM**

Defendant moves the Court for leave to file an unspecified number of additional Motions. Defendant has not articulated any specific Motions he intends to bring, so we are denying his Motion for Leave to File Additional Motions [Docket No. 16].

Defendant also moves the Court pursuant to Rule 16 of the Federal Rules of Criminal Procedure[2] [Docket No. 14] for an Order requiring the Government to disclose: (1) the identities of any informants, (2) substantial information about those informants, and (3) any FBI protocols that were followed in the investigation of Defendant. Defendant also asks the Court to order the Government to produce Brian Herron and Selwin Ortega to be interviewed.

2

To the extent Defendant bases his Motion on Rule 17(c), the issue is not ripe because no subpoena has been served.

The Government objects to these requests insofar as they seek information the Government is not required to disclose pursuant to Rule 16, Brady v. Maryland, 373 U.S. 83 (1963), or Giglio v. United States, 405 U.S. 150 (1972). The Government has represented that it will disclose any exculpatory or impeaching information contained in any FBI file or protocol related to either Herron or Ortega. The Government objects to the disclosure of any other informants, arguing that Defendant has not shown that the testimony of any such informant will be material. Finally, the Government argues that it is not required to make Messrs. Herron and Ortega available to the defense prior to trial.

Although Defendant's Motion states that he is seeking disclosure with respect to informants generally, his Memorandum makes reference solely to Messrs. Herron and Ortega. To the extent Defendant may seek disclosure of the identities of any other informants, Defendant bears the burden of demonstrating that the informant's potential testimony is material. See United States v. Grisham, 748 F.2d 460, 463 (8th Cir. 1984). This burden is not satisfied by mere speculation. United States v. Cerone, 830 F.2d 938 (8th Cir. 1987) cert. denied, 486 U.S. 1006 (1988). Defendant has not made any showing regarding the materiality of any potential informant's testimony, speculative or otherwise. Defendant has not met his burden, and his request for disclosure of informants is denied.

Defendant argues that the Government has a duty to make Messrs. Herron and Ortega available to be interviewed prior to trial because they are material witnesses. However, the case cited by Defendant to support this proposition, Barnes v. Dormire, 251 F.3d 767 (8th Cir. 2001) does not apply under the facts of the instant case. It is true that, if a defendant shows that a confidential informant is a material witness, the

Government is required to disclose the identity of that informant and make reasonable efforts to make that informant available for an interview. Barnes, 251 F.3d at 770. In this case, the identities of the informants are known to Defendant, and the Government intends to call them at trial. Under these circumstances, because Defendant will have the opportunity to cross-examine these witnesses at trial, the Government has no obligation to produce them prior to trial. See United States v. Gullickson, 982 F.2d 1231, 1234 (8th Cir. 1993); United States v. Foster, 815 F.2d 1200, 1202-03 (8th Cir. 1987).

The Government has not attempted to prevent Defendant from interviewing Mr. Herron or Mr. Ortega. This satisfies the Government's responsibility with respect to the informants. Witnesses may or may not agree to be interviewed after consulting with their own counsel. The Government is not required to arrange interviews with the informants or compel them to speak to Defendant's representatives.

J.M.M.

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

Plaintiff,

Criminal 01-246 (RHK/JMM)

vs.

**ORDER**

Basim Omar Sabri,

Defendant.

The above-entitled matter comes before the Court upon the Report and Recommendation of United States Magistrate Judge John M. Mason dated October 5, 2001. Timely objections have been filed to that Report and Recommendation.

Based upon (a) the Report and Recommendation of the Magistrate Judge, (b) this Court's de novo review of the Objections thereto; and (3) all of the files, records and proceedings herein,

**IT IS HEREBY ORDERED**

1. The Objections (Doc. No. 30) are **OVERRULED**;

2. The Report and Recommendation (Doc. No. 27) is **ADOPTED**; and

3. Defendant's Motions to Suppress Statements (Doc. No. 20), to Dismiss Indictment (Doc. No. 21), and to Suppress Evidence Obtained by Search and Seizure (Doc. No. 22) are each **DENIED**.

Dated: November 15, 2001

RICHARD H. KYLE
United States District Judge

FILED NOV 15 2001
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

Plaintiff,

Criminal 01-246 (RHK/JMM)

vs.

**ORDER**

Basim Omar Sabri,

Defendant.

Defendant has appealed from the following Order of Magistrate Judge John M. Mason entered on October 5, 2001;

1. The Order Denying Defendant's Motion for Disclosure of Informants, Informant Files, Witness Protocols, and to Compel Pretrial Interviews with Government Informants;

2. The Order Denying Defendant's Motion for Participation in Voir Dire; and

3. The Order Denying Defendant's Motion for a Continuance of the Trial.

Finding none of the Orders appealed from to be clearly erroneous nor contrary to law, each is **AFFIRMED**.[1]

Dated: November 15, 2001

RICHARD H. KYLE
United States District Judge

[1] With respect to the Order dealing with voir dire and the trial date, the denials were "without prejudice" and Defendant may re-present these issues to the undersigned prior to trial.

FILED NOV 15 200[illegible]
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD ________
DEPUTY CLERK ________