UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
CR 01-246 (RHK/JSM)

------------------------------

UNITED STATES OF AMERICA,

PLAINTIFF,

v.

BASIM OMAR SABRI,

DEFENDANT.

------------------------------

**DEFENDANT SABRI'S REPLY TO THE GOVERNMENT'S MOTION IN LIMINE TO EXCLUDE EVIDENCE REGARDING ENTRAPMENT OF OTHERS**

## INTRODUCTION

Defendant respectfully submits this Memorandum of Law in opposition to the Government's motion in limine to exclude evidence regarding the Government's entrapment of others. This motion seeks an Order excluding all evidence of the Government's entrapment of others offered by the defense, including on cross-examination. The Government's motion should be denied by this Court. The evidence regarding the Government's entrapment of others is admissible for several reasons, including to address the inducement element of the entrapment defense and to show bias. In addition this motion is premature.

## ARGUMENT

To support its argument for the blanket exclusion of this evidence, the Government relies upon the Sixth Circuit case United States v. Meyer, 803 F.2d 246 (6th Cir. 1986). This Sixth Circuit case is not the law in this circuit. In fact, there does not appear to be an Eight Circuit case either addressing the specific issue raised in Meyer, nor adopting the reasoning of Meyer.

In Meyer, the Sixth Circuit was addressing the trial court's refusal to permit four witnesses to testify that they had been entrapped by the government informant. The holding of this case is not, as the Government suggests, that all evidence regarding the Government's entrapment of others must always be excluded. This case is only addressing the admissibility of extrinsic evidence of the Government's entrapment of others. Unlike the Government's request in this case to exclude all evidence, including cross-examination, the government in Meyer acknowledged the defendant "had ample opportunity to cross-examine [the witness] and attack his credibility." Id. at 249.

The Court's holding in Meyer, regarding the admissibility of extrinsic evidence has been clarified by subsequent Sixth Circuit opinions. In U.S. v. Phillips, 888 F.2d 38 (6th Cir. 1989), the Sixth Circuit explained that Meyer stood for the proposition that "Extrinsic evidence of prior misconduct should be excluded when it is only 'remotely relevant.'" Id. at 41 citing United States v. Meyer, 803 F.2d 246, 249 (6th Cir. 1986). The Phillips Court went on to explain "Though the Federal Rules of Evidence do not specifically so state, prior misconduct of a witness which is probative of the bias of that witness may be proved by extrinsic evidence." Id. 41 citing Meyer, (extrinsic evidence of misconduct is admissible if it "relates to beliefs of the witness or to preexisting relationships" probative of bias); Weinstein, Weinstein's Evidence, Sec. 608[05] (1988). Thus, the most that can be said about Meyer, is that it describes the Sixth Circuit's standard for admitting extrinsic evidence of prior misconduct under Rule 608(b) of the Federal Rules of Evidence.

In the instant case, evidence regarding the Government's entrapment of others may be admissible to address the inducement element of the entrapment defense and to show bias. To satisfy the inducement element, there must be evidence of "government conduct that 'creates a

substantial risk that an undisposed person or otherwise law abiding citizen would commit the offense.'" United States v. Stanton, 973 F.2d 608, 609 (8th Cir. 1992), quoting United States v. Mendoza Salgado, 964 F.2d 993, 1004 (10th Cir. 1992). The type of evidence the Government is seeking to exclude is relevant and probative of whether the inducement element is satisfied. Moreover, this evidence may be relevant to show bias of the Government witnesses.

This Court should also deny the Government's motion in limine to exclude evidence regarding the Government's alleged entrapment of others because the motion is premature. The naked assertion that the Defendant may introduce evidence regarding the Government's alleged entrapment of others does not provide the Court sufficient information to rule on this motion. Not until more details are learned regarding the objected to evidence can this Court rule on the evidence's relevance and whether its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, or waste of time. This Court should address the admissibility of evidence regarding the Government's entrapment of others on a case-by-case basis as it arises at trial and not in this premature motion in limine.

## CONCLUSION

For the foregoing reasons, Defendant Sabri respectfully requests that this Court deny the Government's motion in limine to exclude evidence regarding the Government's entrapment of others.

Respectfully submitted,

BIRRELL & NEWMARK, LTD.

Dated: November 8, 2004

By: s/ Andrew S. Birrell

Andrew S. Birrell
Attorney Id. #133760
Attorneys for Defendant
333 South Seventh Street, Suite 2270
Minneapolis, Minnesota 55402
Telephone: (612) 871-7000