**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

United States of America,

Plaintiff,

Crim. No. 01-246 (RHK/JSM)

**JURY INSTRUCTIONS**

v.

Basim Omar Sabri,

Defendant.

---

JURY INSTRUCTION NO. 1

Members of the Jury:

Now that you have heard all of the evidence that is to be received in this trial and each of the arguments of counsel it becomes my duty to give you the final Instructions of the Court as to the law that is applicable to this case. You should use these Instructions to guide you in your decisions.

All of the Instructions of law given to you by the Court—those given to you at the beginning of the trial, those given to you during the trial, and these final Instructions—must guide and govern your deliberations.

It is your duty as jurors to follow the law as stated in all of the Instructions of the Court and to apply these rules of law to the facts as you find them from the evidence received during the trial.

Counsel have quite properly referred to some of the applicable rules of law in their closing arguments to you. If, however, any difference appears to you between the law as stated by counsel and that as stated by the Court in these Instructions, you, of course, are to be governed by the Instructions given to you by the Court.

You are not to single out any one Instruction alone as stating the law, but must consider the Instructions as a whole in reaching your decisions.

Neither are you to be concerned with the wisdom of any rule of law stated by the Court. Regardless of any opinion you may have as to what the law ought to be, it would be a violation of your sworn duty to base any part of your verdict upon any other view or

opinion of the law than that given in these Instructions of the Court.

You were chosen as juror for this trial in order to evaluate all of the evidence received and to decide each of the factual questions presented by the allegations brought by the Government in the Superseding Indictment and the plea of not guilty by the Defendant.

In resolving the issues presented to you for decision in this trial you must not be persuaded by bias, prejudice, or sympathy for or against any of the parties to this case or by any public opinion.

Justice—through trial by jury—depends upon the willingness of each individual juror to seek the truth from the same evidence presented to all the jurors here in the courtroom and to arrive at a verdict by applying the same rules of law as now being given to each of you in these Instructions of the Court.

JURY INSTRUCTION NO. 2

The evidence in this case consists of the sworn testimony of the witnesses—regardless of who may have called them—and all exhibits received in evidence—regardless of who may have produced them.

Any proposed testimony or proposed exhibit to which an objection was sustained by the Court must be entirely disregarded. Anything you may have seen or heard outside the courtroom is not evidence and must be entirely disregarded. Questions, objections, statements, and arguments of counsel are not evidence in the case.

You are to base your verdict only on the evidence received in the case. You are, however, permitted to draw from the facts which you find have been proved such reasonable inferences as you feel are justified in the light of your experience and common sense. Inferences are simply deductions or conclusions which reason and common sense lead you to draw from the evidence received in the case.

There are two types of evidence which are generally presented during a trial—direct evidence and circumstantial evidence. The law makes no distinction between the weight or value to be given to either direct or circumstantial evidence.

If any reference by the Court or by counsel to matters of testimony or exhibits does not coincide with your own recollection of that evidence, it is your recollection which should control during your deliberations and not the statements of the Court or of counsel. You are the sole judges of the evidence received in this case.

JURY INSTRUCTION NO. 3

You, as jurors, are the sole and exclusive judges of the credibility of each of the witnesses called to testify in this case and only you determine the importance or the weight that their testimony deserves. After making your assessment concerning the credibility of a witness, you may decide to believe all of that witness' testimony, only a portion of it, or none of it.

In making your assessment you should carefully review all of the testimony given, the circumstances under which each witness has testified, and every matter in evidence which tends to show whether a witness, in your opinion, is worthy of belief. Consider each witness's intelligence, motive to falsify, state of mind, and appearance and manner while on the witness stand. Consider the witness's ability to observe the matters as to which he or she has testified and consider whether he or she impresses you as having an accurate memory or recollection of these matters. Consider also any relation a witness may bear to either side of the case, the manner in which each witness might be affected by your verdict, and the extent to which, if at all, each witness is either supported or contradicted by other evidence in the case.

Inconsistencies or discrepancies in the testimony of a witness or between the testimony of different witnesses may or may not cause you to disbelieve or discredit such testimony. Two or more persons witnessing an incident or a transaction may simply see or hear it differently. Innocent misrecollection, like failure of recollection, is not uncommon. In weighing the effect of a discrepancy, however, always consider whether it

pertains to a matter of importance or an insignificant detail and consider whether the discrepancy results from innocent error or from intentional falsehood.

After making your own judgment or assessment concerning the believability of a witness, you can then attach such importance or weight to that testimony, if any, that you feel it deserves.

You should judge the testimony of the Defendant in the same manner as you judge the testimony of any other witness.

JURY INSTRUCTION NO. 4

Persons who, by knowledge, skill, training, education or experience, have become expert in some field may state their opinions on matters in that field and may also state the reasons for their opinion.

Such testimony should be considered just like any other testimony. You may accept or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the soundness of the reasons given for the opinion, the acceptability of the methods used, and all the other evidence in the case.

JURY INSTRUCTION NO. 5

As you know, there are typewritten transcripts of the videotape and audiotape recordings presented in this case. The transcripts also undertake to identify the speakers engaged in the conversation. You were permitted to have the transcripts for the limited purpose of helping you follow the conversation as you listened to the recordings, and also to help you keep track of the speakers. The transcripts, however, are not evidence. The recordings themselves are the primary evidence of their own contents. Accordingly, because the transcripts were not received into evidence, they will not be provided to you during deliberations.

JURY INSTRUCTION NO. 6

You have heard evidence that Brian Herron made a plea agreement with the Government and entered a plea of guilty to charges of extortion.

Mr. Herron's guilty plea cannot be considered by you as any evidence of the Defendant's guilt here. Mr. Herron's guilty plea can be considered by you only for the purpose of determining how much, if at all, to rely upon Mr. Herron's testimony.

Mr. Herron, as part of his plea agreement, provided substantial assistance to the Government resulting in the Government asking the Court to reduce his sentence and his sentence was reduced below what otherwise would have been appropriate.

Mr. Herron's testimony was received in evidence in this case and may be considered by you. You may give his testimony such weight as you think it deserves. Whether or not his testimony may have been influenced by the plea agreement is for you to decide.

JURY INSTRUCTION NO. 7

You must presume the Defendant to be innocent of the crimes charged. Thus, the Defendant, although accused of three separate crimes in the Superseding Indictment, began the trial with a "clean slate"—with no evidence against him. The presumption of innocence alone is sufficient to find the Defendant not guilty.

The burden is always upon the prosecution to prove guilt beyond a reasonable doubt. This burden never shifts to a defendant for the law never imposes upon a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence. There is no burden upon a defendant to prove that he is not guilty.

It is not required that the Government prove guilt beyond all possible doubt. The test is one of reasonable doubt. A reasonable doubt is a doubt based upon reason and common sense—the kind of doubt that would make a reasonable person hesitate to act. Proof beyond a reasonable doubt must, therefore, be proof of such a convincing character that a reasonable person would not hesitate to rely and act upon it in the most important of his or her own affairs.

Whenever the term "prove" or "proof" is used in these Instructions, it means proof beyond a reasonable doubt as defined here.

JURY INSTRUCTION NO. 8

The Superseding Indictment in this case charges the Defendant with three separate crimes.

Under Count 1, the Superseding Indictment charges that in July 2001 the Defendant did corruptly give, offer and agree to give $5,000 to Brian Herron with the intent to influence and reward Mr. Herron, who was a person authorized to act for or on behalf of the City of Minneapolis and the Minneapolis Community Development Agency ("MCDA"), in return for Mr. Herron's assistance in obtaining regulatory approvals from the City of Minneapolis that were necessary for a commercial real estate development project then being pursued by the Defendant.

Under Count 2, the Superseding Indictment charges in July 2001 the Defendant did corruptly offer and agree to give $10,000 to Brian Herron with the intent to influence and reward Mr. Herron, who was a person authorized to act for or on behalf of the City of Minneapolis and the MCDA, in return for Mr. Herron's assistance at a meeting with private business owners and Mr. Herron's threat to use eminent domain to take their property if they did not sell to the Defendant, which property was necessary for the Defendant's commercial development project.

Under Count 3, the Superseding Indictment charges that in July 2001 the Defendant did corruptly offer and agree to give $80,000 to Brian Herron with the intent to influence and reward Mr. Herron, who was a person authorized to act for or on behalf of the City of Minneapolis and the MCDA, as a 10% commission and in return for Mr. Herron's obtaining

$800,000 in community economic development grants from the City of Minneapolis, the MCDA and other entities for the Defendant's real estate development project.

The Defendant has pleaded not guilty to each of those charges.

As you were told at the beginning of the trial, an indictment is simply an accusation. It is not evidence of anything. To the contrary, the Defendant is presumed to be innocent. Thus the Defendant, even though charged, begins the trial with no evidence against him. The presumption of innocence alone is sufficient to find the Defendant not guilty and can be overcome only if the Government proves, beyond a reasonable doubt, each essential element of the crime charged.

The Defendant is not on trial for any act or conduct not alleged in the Superseding Indictment. And keep in mind that each count charges a separate crime. You must consider each count separately, and return a separate verdict for each count.

JURY INSTRUCTION NO. 9

Each of the three crimes charged in the Superceding Indictment has four essential elements, which are:

One, Brian Herron was a person authorized to act for or on behalf of the City of Minneapolis and the MCDA;

Two, the Defendant "corruptly" gave, offered, or agreed to give money to Brian Herron in connection with the City's review of the Defendant's proposed real estate development project [see JURY INSTRUCTION NO. 11 for the definition of "corruptly"];

Three, each of the transactions set forth in Counts 1, 2, and 3 of the Superseding Indictment involved "something of a value" of $5000 or more [see JURY INSTRUCTION NO. 11 for the definition of "something of a value"]; and

Four, the City of Minneapolis and the MCDA received benefits in excess of $10,000 in the one-year period beginning January 1, 2001, pursuant to a federal program involving a grant, contract, subsidy, loan, guarantee, insurance, or other form of federal assistance.

If all of these essential elements have been proved beyond a reasonable doubt, and if it has further been proved beyond a reasonable doubt that the Defendant was not "entrapped" (as defined in JURY INSTRUCTION NO. 10), then you must find him guilty of the crimes charged under Counts 1, 2, and 3; otherwise you must find him not guilty of these crimes.

JURY INSTRUCTION NO. 10

If you determine, beyond a reasonable doubt, that the Government has proved all of the essential elements with respect to any of the three crimes charged in the Superseding Indictment, you must then determine whether the Defendant was entrapped into committing that crime. If he was entrapped, he must be found not guilty; if he was not entrapped, he must be found guilty. The policy behind the entrapment defense is to prevent law enforcement officers and their agents from manufacturing crime. You have heard evidence that Selwin Ortega and Brian Herron acted as agents of the Government. Entrapment is an affirmative defense which consists of two elements: government action to induce or otherwise cause the Defendant to commit the crime, and the Defendant's lack of predisposition to commit the crime. Inducement is government conduct that creates a substantial risk that an undisposed person or otherwise law-abiding citizen would commit the offense. Inducement may take many forms.

If you determine that the Defendant was induced by a government agent to commit the crimes charged, and determine beyond a reasonable doubt that the Defendant was not disposed to commit those crimes before his contact with a government agent, then he was entrapped. On the other hand, if the Defendant was disposed to commit the crimes charged before his initial contact with a government agent, then he was not entrapped, even though the government provided a favorable opportunity to commit the crimes or made committing the crimes easier or even participated in acts essential to the crimes. If the Defendant was entrapped, he must be found not guilty. The Government has the burden of proving beyond

a reasonable doubt that the Defendant was not entrapped. You may consider the Defendant's behavior after he was approached by government agents as evidence of his predisposition prior to meeting the agents.

You have heard evidence that the Defendant allegedly committed acts and took actions similar to those charged in this case. You may not use this evidence to decide whether the Defendant committed the crimes charged in the Superseding Indictment. However, if you are convinced beyond a reasonable doubt, based on other evidence introduced, that the Defendant did carry out the acts involved in the crimes charged, then you may use this evidence of acts or actions in deciding whether the Defendant was predisposed to commit the crimes charged. Remember, even if you find that the Defendant may have committed similar acts in the past, this is not evidence that he committed the crimes charged in the Superseding Indictment. You may not convict a person simply because you believe he may have committed similar acts in the past.

JURY INSTRUCTION NO. 11

The following terms, appearing in JURY INSTRUCTION NO. 9, have the meanings or definitions set out below:

Corruptly

The term "corruptly" means that the Defendant acted voluntarily and intentionally and, at least in part, to influence, induce, or reward Brian Herron to take the actions alleged in the Superceding Indictment.

Intent or knowledge may be proved like anything else. You may consider any statements made and acts done by the Defendant, and all the facts and circumstances in evidence which may aid in a determination of the Defendant's knowledge or intent. You may, but are not required to, infer that a person intends the natural and probable consequences of acts knowingly done or knowingly omitted.

Something of Value

"Something of value" can be tangible or intangible property. Intangible property rights include any valuable right considered as a source of wealth, and include the right to exercise control over how money is spent.

JURY INSTRUCTION NO. 12

Upon retiring to your jury room to begin your deliberation, you must elect one of your members to act as your foreperson. The foreperson will preside over your deliberations and will be your spokesperson here in court.

Your verdict must represent the collective judgment of the jury. In order to return a verdict, it is necessary that each juror agree to it. Your verdict, in other words, must be unanimous.

It is your duty as jurors to consult with one another and to deliberate with one another with a view towards reaching an agreement if you can do so without violence to individual judgment. Each of you must decide the case for himself and herself, but do so only after an impartial consideration of the evidence in the case with your fellow jurors. In the course of your deliberations, do not hesitate to reexamine your own views and to change your opinion if convinced it is erroneous. Do not surrender your honest conviction, however, solely because of the opinion of your fellow jurors or for the mere purpose of thereby being able to return a unanimous verdict.

Remember at all times that you are not partisans. You are judges—judges of the facts of this case. Your sole interest is to seek the truth from the evidence received during the trial.

Your verdict must be based solely upon the evidence received in the case. Nothing you have seen or read outside of court may be considered. Nothing that I have said or done during the course of this trial is intended in any way to somehow suggest to you what I think your verdict should be. Nothing said in these Instructions and nothing in any verdict form

which has been prepared for your convenience is to suggest or convey to you in any way or manner any intimation as to what verdict I think you should return. What the verdict shall be is the exclusive duty and responsibility of the jury. As I have told you many times, you are the sole judges of the facts.

The punishment provided by law for the offense charged in the Superseding Indictment is a matter exclusively within the province of the Court and should never be considered by you in any way in arriving at an impartial verdict as to the offense charged.

A verdict form has been prepared for your convenience. You will take this form to the jury room and, when you have reached unanimous agreement as to your verdict, you will have your foreperson write your verdict, date and sign the form, and then return with your verdict to the courtroom.

If it becomes necessary during your deliberations to communicate with the Court, you may send a note, signed by your foreperson or by one or more members of the jury, through the court security officer. No member of the jury should ever attempt to communicate with the Court by any means other than a signed writing and the Court will never communicate with any member of the jury concerning the evidence, your opinions, or the deliberations other than in writing or orally here in open court.

You will note from the oath about to be taken by the court security officer that they too, as well as all other persons, are forbidden to communicate in any way or manner with any member of the jury concerning the evidence, your opinions, or the deliberations.

Bear in mind also that you are never to reveal to any person—not even to the

Court—how the jury stands, numerically or otherwise, on the question of whether or not the Government has sustained its burden of proof until after you have reached a unanimous verdict.