UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
CR 01-246 (RHK/JSM)

------------------------------

UNITED STATES OF AMERICA,

PLAINTIFF,

VS.

BASIM OMAR SABRI,

DEFENDANT.

------------------------------

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION FOR A JUDGMENT OF ACQUITTAL**

## INTRODUCTION

Defendant respectfully submits this Memorandum of Law in support of his motion for a Judgment of Acquittal. This Court should grant the motion for a Judgment of Acquittal because the evidence at trial was insufficient to sustain a conviction on any count of the Superseding Indictment. At the outset, we bring to the Court's attention the unusual procedural posture of this case occasioned by the United States Supreme Court's decision in Blakely, and the procedures crafted to comply with the possibilities raised but as yet undecided. Part of this case was tried to the jury, however, the Court, rather than the jury, will act as the fact finder regarding the enhancements alleged in the Superseding Indictment. Thus, although the jury has returned a verdict, the evidence in this case is not closed. Rule 29(a) of the Federal Rules of Criminal Procedure empowers the defendant to make a motion for a judgment of acquittal "after the close of all the evidence." Although the evidence in this case is not closed, the Federal Rule of Criminal Procedure 29(c) requires the Defendant to make his motion for a judgment of acquittal within seven days of the verdict. Thus, the Court, unless this motion or one of Defendant's other motions attacking the

prosecution is granted, will have a motion for a judgment of acquittal before it again at the close of the evidence.

## ARGUMENT

Rule 29 of the Federal Rules of Criminal Procedure provides a trial Court "must enter a judgment of acquittal of any offense for which the evidence is insufficient to sustain a conviction." "A motion for judgment of acquittal should only be granted where the evidence, viewed in the light most favorable to the government, is such that a reasonably minded jury must have a reasonable doubt as to the existence of any essential elements of the crime charged." United States v. Mundt, 846 F.2d 1157, 1158 (8th Cir.1988) (citation omitted). In other words, the test is whether "a reasonable fact finder could have found guilt beyond a reasonable doubt." United States v. Garrett, 948 F.2d 474, 476 (8th Cir.1991) (citation omitted).

### I. SUFFICIENCY OF THE EVIDENCE

In this case, this Court should grant Defendant's motion for a judgment of acquittal. The evidence at trial failed to establish the essential elements of the offenses even when viewed in the light most favorable to the Government.

### II. ENTRAPMENT AS A MATTER OF LAW

This Court may enter a judgment of acquittal when the evidence clearly establishes the elements of entrapment as a matter of law. United States v. Pfeffer, 901 F.2d 654, 656 (8th Cir.1990). The elements of entrapment as a matter of law are: "(1) that a government agent originated the criminal design; (2) that the agent implanted in the mind of an innocent person the disposition to commit the offense; and (3) that the defendant committed the criminal act at the

urging of the government agent." Id.

This Court should grant Defendant's motion for a judgment of acquittal because the evidence at trial established that Defendant was entrapped as a matter of law. Defendant was initially approached by government agent Selwin Ortega in 1998. The first recorded conversation between Mr. Ortega and Mr. Sabri at the direction of the FBI occurred on December 7, 1998. (Government Trial Exhibit 7). Mr. Ortega tells Mr. Sabri the following:

> I have been doing really good in my business, [but] I lack connections. (p. 9 of Government Trial Exhibit 7a)
>
> This coming year I want to put aside at least seventy thousand dollars. You know, that we can use. So, ah, the future you know we can get better result in our business. (p. 21).
> [Sabri responds "Ah-huh."]
> The problem is I don't know how to use that money, where to direct that money.
>
> And ah what I was going to ask you you know I know that for you and I money is no problem 'cause we have plenty of money and there is times when you know they might need a, people downtown, they might need a loan (UI) that I can get for them you know if they need it. (UI) anyway. So things like that I don't know those things (UI) need to go to… (p. 44).
> [Sabri responds "when you say people downtown, who?"]
> …city council so, you know, they always have problems with money, looks like they got no money. (p.45).
> ….
> …some of these guys need a loan. You know, we can give it to them because, you know. (p.45).
> [Sabri responds "Ah-hum"]
> But you know I, right now, you know, I do not know. See I don't have a relationship with (UI). (p.46).
> ….
> Okay. Hey you know maybe in the future when you're not so busy you know you can introduce to us, you know to your friends from downtown and let them know, that they can trust us, they can work with us, you know, totally. (p.46)
> ….
> From Brian to Niland and, you know, we want to be part and work with them, you know. (p.47)

It is clear from these statements by Mr. Ortega during their recorded conversation on December 7,

1998, that Mr. Ortega was informing Mr. Sabri that he was having difficulties with inspectors and was attempting to ascertain whether Mr. Sabri had connections in city government that he could introduce to Mr. Ortega. The government agent was inducing Defendant to commit a crime. The criminal design was originated by government agents.

The record is clear that government agents implanted in the mind of Defendant the disposition to commit the offense. There is no evidence in the record of Defendant's disposition to commit an offense prior to defendant's meetings with government agent Ortega. Although the Government presented evidence designed to address the predisposition of Defendant, this evidence concerned Defendant's actions after the initial contact with government agent Ortega and cannot be used to ascertain the deposition of Defendant.

Finally, the criminal acts the jury found Defendant committed where undertaken at the urging of the government agents. Selwin Ortega began to implant the idea in Defendant's mind, and later government agent Brian Herron completed the entrapment.

WHEREFORE, that Defendant prays that this Honorable Court grant his Motion for a judgment of acquittal.

Respectfully submitted,

BIRRELL & NEWMARK, LTD.

Dated: December 10, 2004

By: s/ Andrew S. Birrell

Andrew S. Birrell
Attorney Id. #133760
Attorneys for Defendant
333 South Seventh Street, Suite 2270
Minneapolis, Minnesota 55402
Telephone: (612) 871-7000