UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
CR 01-246 (RHK/JSM)

------------------------------

UNITED STATES OF AMERICA,

PLAINTIFF,

VS.

BASIM OMAR SABRI,

DEFENDANT.

------------------------------

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION FOR A NEW TRIAL**

## INTRODUCTION

Defendant respectfully submits this Memorandum of Law in support of his motion for a New Trial made pursuant to Rule 33 of the Federal Rules of Criminal Procedure.

## ARGUMENT

The court on motion of a defendant "may vacate any judgment and grant a new trial if the interest of justice so requires." Fed. R. Crim. P. 33. District courts have broad discretion in passing upon motions for new trial and such rulings are subject to reversal only for a clear abuse of discretion. See United States v. Wilkins, 139 F.3d 603, 604 (8th Cir.1998); United States v. Brown, 108 F.3d 863, 866 (8th Cir.1997); United States v. Blumeyer, 62 F.3d 1013, 1015 (8th Cir.1995), cert. denied, 516 U.S. 1172, 116 S.Ct. 1263, 134 L.Ed.2d 212 (1996). A district court's power to order a new trial is greater than its power to grant a motion for acquittal. United States v. Bennett, 956 F.2d 1476, 1481 (8th Cir.1992). In making its determination, the Court may "weigh the evidence, disbelieve witnesses, and grant a new trial even where there is substantial evidence to sustain the verdict." United States v. Campos, 306 F.3d 577, 579 (8th Cir.

2002); see United States v. Dodd, __ F.3d __, 2004 WL 2847784, 8th Cir.(Iowa), Dec 13, 2004, (affirming trial court's weighing the evidence, disbelieving witnesses and granting a new trial – even in the face of substantial evidence).

Prior to trial, Defendant moved for a determination that the initial contact with the Government agent occurred when Mr. Sabri was approached by Selwin Ortega on December 7, 1998, and thus the determination whether Mr. Sabri was predisposed to commit the crimes charged must be made as of December 7, 1998. In addition, Defendant moved to exclude any evidence regarding Mr. Sabri's alleged predisposition after December 7, 1998, as irrelevant to determining whether Mr. Sabri was disposed to commit the crimes charged. The Court denied these motions. These motions were renewed after Mr. Sabri's December 7, 1998, recorded conversation with Selwin Ortega was played for the jury. (Government Trial Exhibit 7). This Court again denied Defendant's motions and allowed the Government to present evidence regarding Defendant's "disposition" to commit the crimes charged after December 7, 1998.

The Government was required to prove beyond reasonable doubt the defendant was not entrapped and was disposed to commit the offenses charged prior to being approached by government agents. Jacobson v. United States, 503 U.S. 540, 545 (1992). The United States Supreme Court has made it clear that the Government must prove that the predisposition existed prior to the time Defendant was first approached by the government agents. Id. at 547 n.1; United States v. Brooks, 215 F.3d 842, 846 (8th Cir. 2000).

The evidence at trial established that Defendant was first approached by a government agent when his conversation with Selwin Ortega was recorded by the FBI on December 7, 1998. Thus, evidence from after December 7, 1998, regarding Defendant's disposition to commit the

offenses charged is not relevant to determine whether Defendant was disposed to commit the crimes charged and was unfairly prejudicial.

The Government presented evidence regarding Defendant's post-December 7, 1998 conduct that included unverified statements made by Defendant during conversations with Mr. Ortega regarding having individuals "on his payroll" and evidence regarding avoiding campaign finance laws. None of this "disposition" evidence was verified. Mr. Sabri testified his statements to Mr. Ortega were not factually correct and were simply boasting. Moreover, Brian Herron testified Defendant had never offered a bribe to him in the past. Herron also testified he told the FBI he did not think the Government's plan to set-up Defendant would work because, he said, he and the defendant were not like that (or words to that effect).

This Court should grant Defendant a new trial because the jury's verdict is contrary to the weight of the evidence. "When a motion for a new trial is made on the ground that the verdict is contrary to the weight of the evidence, the issues are far different from those raised by a motion for judgment of acquittal. The question is whether he is entitled to a new trial. In assessing the defendant's right to a new trial, the court must weigh the evidence and in doing so evaluate for itself the credibility of the witnesses." United States v. Lincoln, 630 F.2d 1316 (8th Cir.1980).

An examination of the evidence here manifestly demonstrates the verdicts are contrary to the weight of the evidence. The evidence showed Mr. Ortega, while acting as a government agent, worked on the Defendant for more than 2 1/2 years yet never persuaded Defendant to commit a criminal act. The evidence showed Defendant, due to his life experiences and for other reasons, was afflicted with a psychological condition rendering him vulnerable to manipulation by those he perceived to be in positions of authority. The evidence showed Defendant was

approached by a council member in a position to exert tremendous influence over the Defendant's life and that the council member, acting as a government agent, entrapped him into committing offenses. It is respectfully submitted the Court should disregard Mr. Herron's testimony to the contrary because the evidence at trial established his utter lack of reliability and credibility. The Court will recall Mr. Herron testified for example he never read his confession, merely glanced at his plea agreement and admitted he lied to the FBI about the location of the $10,000.00 he extorted from Mr. Ortega. Mr. Herron is a person not worthy of belief, and his testimony should not form the basis for a conviction in this case.

In addition, the refusal to allow Robert Speeter to testify about his conversation with the Defendant precluded the Defendant from presenting a complete defense. At trial Defendant called Mr. Speeter as a witness and asked a question regarding a phone conversation he had with Defendant in late June 2001. The Court sustained the Government's hearsay objection and excluded the evidence. Defendant made an offer of proof to the Court concerning Mr. Speeter's anticipated testimony. Although we do not have a transcript yet, our best recollection is that the offer of proof was that: Mr. Speeter would testify that Defendant called him in about late June 2001 and told him that a well known person had requested part of his business and inquired about drafting a written agreement. Defendant was told by Mr. Speeter that he should go to the authorities. The Court sustained the Government's objection.

The testimony should have been admitted for a number of reasons. First, under Rule 803 (3) of the Federal Rules of Evidence 803 as a "statement of the declarant's then existing state of mind, emotion, sensation, or physical condition." Mr. Speeter would have testified that Defendant told him that he felt pressured by the "well known person" and that he did not feel he

would be able to go to the FBI because of how he had previously been treated. This testimony would have described Defendant's then existing emotional state of mind and would be relevant to support Defendant's testimony. It would have supported Defendant's version of the events, and the jury should have been allowed to hear it.

This Court also should have allowed this testimony to vindicate Defendant's due process right to present a defense. A defendant has a right to present his own witnesses to establish a defense and "[t]his right is a fundamental element of due process of law." Washington v. Texas, 388 U.S. 14 (1967). This Court should have overruled the Government's hearsay objection and allowed Mr. Speeter to testify.

## CONCLUSION

The Court should grant Defendant Sabri's motion for a new trial because, the verdicts are contrary to the weight of the evidence; a new trial is required in the interest of justice; the Court erred by excluding the testimony of Robert Speeter; the Court erred by admitting "predisposition" evidence; and the errors at trial either singly or in combination denied the Defendant a fair trial.

Respectfully submitted,

BIRRELL & NEWMARK, LTD.

Dated: December 14, 2004

By: s/ Andrew S. Birrell

Andrew S. Birrell
Attorney Id. #133760
Attorneys for Defendant
333 South Seventh Street, Suite 2270
Minneapolis, Minnesota 55402
Telephone: (612) 871-7000