UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>BASIM OMAR SABRI,<br><br>Defendant. | CR. NO. 01-246 RHK/JSM<br><br>DEFENDANT'S MOTION FOR EXTENSION OF TIME TO FILE INFORMAL OBJECTIONS TO DRAFT PRESENTENCE REPORT AND POSITION PLEADING |

Defendant BASIM OMAR SABRI, through counsel, moves the Court, pursuant to Local Rule D. Minn. LR83.10 re: Sentencing Procedures, for an extension of deadlines for informal objections and position pleadings, respectively, on the following grounds:

1. The sentencing issues in the case are unusual and more nuanced, factually and legally, than those in more typical cases in which sentencing ranges are guided by well established measures of relevant conduct. In this case there are issues about whether the government proved or the jury could have found multiple bribes versus one course of conduct arguably constituting a single act of bribery; there are issues concerning the proper measure of the dollar amount of any bribe and other disputes over the measure of relevant conduct; there are further issues of sentencing disparity and relative culpability between the defendant and the government informant, the extortionist Brian Herron.

2. To further complicate the sentencing procedures, the Supreme Court has rendered its opinion in the *Booker* and *Fanfan* cases, and has held certain provisions of the United States Sentencing Guidelines unconstitutional, while preserving and, in effect, rewriting both the sentencing guidelines and two

decades of cases interpreting those guidelines. Counsel needs further time to determine what and how to argue various sentencing considerations, and how to make an appropriate record in this new legal environment to support possible grounds for any necessary appeal of the sentencing.

3. In addition, the parties, in an effort to obviate the need for either side to prolong the case with further appeals, are engaged in negotiations over sentencing factors in exchange for mutual agreements to waive appeals. Because the current defense lawyers of record did not represent the defendant at trial, some additional time is necessary to evaluate the government's proposal versus the efficacy of possible appellate issues concerning the jury verdict. Given the interest both parties and the courts have in efficient use of resources, it is reasonable to grant the requested extensions in order to encourage a final resolution of the case in the district court.

4. Finally, in order to effectively represent the defendant, current defense counsel request a reasonable opportunity to review trial transcripts of testimony of at least a few key witnesses. Such a review is critical to effective argument concerning post-*Booker* sentencing factors, besides the advisory Sentencing Guidelines, which may be supported by trial testimony by Mr. Herron, the defendant, and others. For instance, the government will be seeking the court's consideration of what was formerly known as an "obstruction adjustment" to increase the sentence of defendants who testify in their own defense. The opportunity to review the defendant's precise words in a case in which the defense of entrapment was submitted to the jury would be useful to any defense

lawyer, including the attorney who conducted the defendant's trial. The transcript has been ordered, and the Court is aware that the court reporter expects to have it completed within three to four weeks. Therefore a reasonable extension of the sentencing filing deadlines would provide a fair opportunity to both sides for consultation of the record on such issues and promotion of accuracy in argument and result.

Defendant requests an extension permitting informal objections to be made by February 22, 2004, and the position pleading to be due March 1, 2005.

Date: January 21, 2005

/s/ Robert M. Speeter

ROBERT M. SPEETER
Attorney at Law, Reg. #
One Financial Plaza, Suite 1515
120 S. 6th Street
Minneapolis, MN 55402
(612) 339-7566

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

UNITED STATES OF AMERICA, Criminal No. 03-433 JRT/FLN

Plaintiff,

v. **ORDER**

GEORGE MONTE WEBSTER,

Defendant.

Nicole A. Engisch, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, 300 South Fourth Street, Ste 600, Minneapolis, MN 55415, for plaintiff.

James E. Ostgard, OSTGARD LAW OFFICE, 527 Marquette Avenue, Suite 1925, Minneapolis, MN 55402, for defendant.

Defendant requests an extension of time to file objections in regards to the presentence investigation and position pleadings to the Court prior to sentencing. The Court finds that defendant has shown good cause for an extension to file objections and position pleadings and will allow the government and defendant an extension.

Based upon defendant's request, and upon all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Defendant's second request for an extension of time for filing objections is **GRANTED**.

2. Objections to the pre-sentence investigation are due **May 12, 2004**, and position pleadings are due **May 19, 2004**.

Dated: ______________________________
at Minneapolis, Minnesota

______________________________
JOHN R. TUNHEIM
United States District Judge