UNITED STATES DISTRICT COURT
District of Minnesota
CRIMINAL NO. 01-246 (RHK/JSM)

UNITED STATES OF AMERICA,

PLAINTIFF,

v.

**DEFENDANT'S POSITION PLEADING**

BASIM OMAR SABRI,

DEFENDANT.

---

On behalf of Mr. Sabri, the defendant joins the Government in requesting approval of the terms contained in the negotiated agreement entitled "Sentencing Stipulations." That agreement satisfies all the considerations of 18 U.S.C. 3553 (a) with respect to the goals of sentencing and constitutes a reasonable sentence. The Defense also requests a delay in Mr. Sabri's incarceration date, a recommendation for the 500-hour RDAP program, and permission for Mr. Sabri to carry on his usual employment as a real estate developer and manager after incarceration.

1. Recommendation for RDAP Program

Pursuant to the reports provided by Peter D. Marston, Ph.D., L.P dated March 14, 2005 and March 17, 2005, which the Sentencing Stipulations contemplate being provided to the court under seal, the Defendant respectfully requests that the Court Order that the Defendant immediately participate in the Bureau of Prison's RDAP program. The preliminary Presentence

Report (and presumably the final one) together with Dr. Peter Marston's full psychological evaluation, provide ample basis for this recommendation.

In order to accomplish the Defendant's participation in the RDAP Program we ask that the Court recommend that the Defendant serve the Prison phase of his sentence at either Yankton, SD, Englewood, CO or Florence, CO where the program is offered.

2. Request of Voluntary Surrender at the Institution and Stay Execution of the Sentence Until September 30, 2005.

As the Court knows, and as Dr. Marston's report confirms, Mr. Sabri is a rather complex man. He has unquestionably done wrong in his dealings with ex-councilman Brian Herron, but he has also done great good among the immigrant community along Lake Street.

In his prior projects, Mr. Sabri has created a Bazaar for small Somali businesses to incubate and grow, as well as a similar small business mall for the Mexican/American community. Mr. Sabri is currently in the middle of a huge full square block development at 29th and Pillsbury Avenue, known as Karmel Plaza. Currently the project employs approximately 75 construction workers full-time. When complete, there will be over 100 permanent jobs created. This building will contain retail shops owned primarily by the Somali community, as well as light industrial businesses, manufacturing, and food preparation for the same immigrant community. It will also contain a five thousand square foot donated community center for Somali activities, such as English language instruction and community events.

Clearly, Dr. Marston's report also indicates that it is Mr. Sabri's energy and drive that compensate for poor reading, math, and other skills covered by standardized testing. It is Mr. Sabri's indefatigable hard work, not his native gifts, that has enabled him to succeed in construction and development. Dr. Marston's report on Mr. Sabri's limitations explains why Mr.

Sabri needs to personally involve himself in every aspect of his projects, from personally hammering boards to rental negotiations with tenants. His mind does not theorize and delegate the same way that most of us in the Court system think. Also, his reading level of the English language inhibits less physical communications.

Mr. Sabri is always the lynchpin in his projects and controls every aspect—because he is part of the workforce in every aspect. If Mr. Sabri goes to prison before most of this project has been completed, it will likely not be completed until after his release.

The City of Minneapolis was the true victim of all of Mr. Herron's illegal activities, including those with Mr. Sabri. Failure to complete this one hundred thousand square foot, full city block, project will cause further loss to Minneapolis in the form of lessened tax revenue, seventy-five fewer temporary building jobs, and at least one hundred permanent jobs that will hopefully grow into larger successful businesses. This project is so sorely needed in the Lake Street community that the first floor of the building to be is already 97% rented. The City of Minneapolis does not want this block to lie sallow and has therefore mandated, in its land contract with Mr. Sabri, that he had only two years to complete the project starting on May 14th of 2004. Mr. Sabri must use the summer of 2005 to insure completion of this project before May 14th of 2006.

It is the belief of the Defense that if Mr. Sabri did not ask for extra time to complete this project that will permanently help Minneapolis, it would be proper for Your Honor to order him to complete this project in restitution to the City and its citizens. This substantial one hundred thousand square foot building project will be completed sufficiently for Mr. Sabri to leave the remainder of the project to others by September 30, 2005. We ask this Court to allow Mr. Sabri to complete his contract with the City of Minneapolis by allowing Mr. Sabri to delay his entrance

into prison. As the Court is aware, Minnesota has a short building season and we ask that Mr. Sabri be allowed to take advantage of this short season so that this project does not fall into default.

We therefore request that this Court Order the Defendant to voluntary surrender at the institution and stay execution of the sentence until September 30, 2005

3. Permission for Mr. Sabri to carry on his normal course of business following the prison phase of incarceration.

After Mr. Sabri starts his prison term there will still be many months of work creating a community center for Somali businesses, light manufacturing, and community activities. Additionally, there will be significant duties that will undoubtedly need the Defendant's personal attention with respect to his other properties along Lake Street. The Defense therefore requests that the Court recommend to the Bureau of Prisons that Mr. Sabri be able to provide jobs, taxes, and business opportunities to Minneapolis by carrying on his usual business activities from community confinement. We therefore ask that the Court Order that Mr. Sabri is permitted to work in his usual and customary business as a real estate developer and manager following the prison phase of incarceration.

**SUPPORTING EXHIBITS**

In lieu of an evidentiary hearing, the Defendant will submit under separate cover a 14-minute video and a copy of the Redevelopment Contract with the Minneapolis Community Development Agency concerning his current project. These Exhibits are relative to the issues of Defendant's request for a Stay of Execution of Sentencing and permitted business after prison. The video was prepared prior to the Sentencing Agreement and has already been provided to The Government and Probation. The Defendant will also provide under seal, as contemplated by the

Sentencing Agreement, copies of the reports by Dr. Peter Marston relative to the RDAP program.

Dated: April 7, 2005

By: /s/ Robert M. Speeter___________

Robert M. Speeter
Attorney for Defendant
One Financial Plaza, Suite 1515
Minneapolis, MN 55402
Telephone: (612) 339-7566
Attorney Reg. No. 161743

Alan D. Margoles
790 Cleveland Ave. S.
St. Paul, MN 55116
Telephone (651) 690-1729
Attorney Reg. No. 67490