UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
CRIMINAL NO. 01-246(RHK/JSM)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, Plaintiff, | ) | |
| v. | ) | SENTENCING STIPULATIONS |
| BASIM OMAR SABRI, Defendant. | ) | |

The United States of America, by its attorneys, Thomas B. Heffelfinger, United States Attorney, and Michael W. Ward and Nicole A. Engisch, Assistant United States Attorneys, and defendant Basim Omar Sabri, through his attorneys Robert M. Speeter, Esq. and Alan D. Margoles, Esq., hereby agree to the following sentencing stipulations. These sentencing stipulations (hereinafter, "stipulations" or "agreement") are binding only on the defendant and the United States Attorney's Office for the District of Minnesota.

FACTUAL FINDINGS

1. As an essential part of this agreement, the United States and the defendant agree to the factual findings in the presentence investigation report, and the defendant expressly acknowledges and accepts responsibility for his criminal conduct as stated therein. The defendant further agrees that on December 7, 2004, at the trial in this matter, the United States proved, and the jury properly found, the defendant guilty of all three counts in the Indictment

SCANNED
MAY 16 2005
U.S. DISTRICT COURT ST. PAUL

FILED 5-12-05
RICHARD D. SLETTEN, CLERK
JUDGEMENT ENTERED
DEPUTY CLERK'S INITIALS dad

beyond a reasonable doubt. In summary, the defendant specifically agrees that the following facts are true:

a. Over a period of at least three years, Sabri provided multiple payments to Minneapolis city council member Brian Herron. The payments came in the form of cash, including a $2,000 payment to Herron and unreimbursed construction work at Herron's home.

b. In or about July 2001, Sabri voluntarily, intentionally, and without coercion made a series of bribes to Herron in return for Herron's assistance with respect to a proposed AmericInn and related real estate development project then being pursued by Sabri in the area of Lake Street and Second Avenue in Minneapolis. As alleged in Count One of the Indictment and found by the jury in its guilty verdict, Sabri offered and then paid Herron $5,000 for Herron's initial support for the project, in order to overcome neighborhood opposition and obtain all necessary regulatory approvals. As alleged in Count Two of the Indictment and found by the jury its guilty verdict, Sabri offered Herron another $10,000 for Herron's assistance with threatening eminent domain against the owners of the Taco Bell, a business that Sabri needed to have relocated in order to proceed with his project. As alleged in Count Three of the Indictment and found by the jury its guilty verdict, Sabri offered Herron ten percent of any public monies that Herron could secure for the project from various sources, including from the Minneapolis Community Development Association and the City

of Minneapolis, through its federally-funded Empowerment Zone program.

SENTENCING STIPULATIONS

2. Maximum Potential Penalties. The defendant understands that the Court will have the authority to impose the maximum potential statutory penalties for the offenses of which the defendant has been found guilty. The defendant understands that the maximum potential statutory penalties for each of the three counts of the Indictment are:

a. Ten (10) years imprisonment;

b. A supervised release term of three (3) years;

c. A fine of $250,000;

d. A mandatory special assessment of $100; and

e. Assessment to the defendant of the costs of prosecution, imprisonment, and supervision.

3. Revocation of Supervised Release. The defendant also understands that, when he is serving a term of supervised release, if he were to violate any condition of that supervised release, his supervised release could be revoked, and he could be sentenced to an additional term of imprisonment up to the length of the original supervised release term.

4. Mandatory Special Assessment. The defendant will pay the mandatory special assessment fee of $300 ($100 per count) at or before the time of sentencing.

GUIDELINE FACTORS

5. The defendant agrees to be sentenced in accordance with the Federal Sentencing Act, 18 U.S.C. 3551, *et seq.*, with reference to the applicable U.S. Sentencing Guidelines ("U.S.S.G."). The parties agree that the following stipulations regarding the guidelines are binding upon them, and neither party will advocate for any other sentencing position. The parties understand, however, that the stipulations contained herein are not binding upon the Court.

A. Guidelines Manual. The parties agree that the Guidelines Manual incorporating amendments through May 1, 2001, applies to this case.

B. Base Offense Level. The parties agree that the base offense level for a violation of 18 U.S.C. § 666(a)(2) is 10. See U.S.S.G. § 2C1.1(a).

C. Specific Offense Characteristics

1. More Than One Bribe. The parties agree that, pursuant to U.S.S.G. § 2C1.1(b)(1), the offense involved more than one bribe and therefore the offense level is increased by 2 levels. The parties agree that the offense involved more than one bribe because, with respect to the Lake Street AmericInn hotel project, Sabri gave Herron a first payment of $5,000 for agreeing to participate, Sabri promised a second payment of $10,000 for threatening Taco Bell with eminent domain, and Sabri promised a

third payment of ten percent of the amount of government monies that Herron could obtain for the project. The offense level is therefore increased to 12 (10 + 2 = 12).

2. <u>Payment to Influence an Elected Official</u>. Under the specific circumstances of this case only, the United States and the defendant stipulate that it is impossible to determine the value of the "10% commission on free money"" bribe payment promised by the defendant. Thus, the total value of bribe can not be estimated at greater than $15,000 for purposes of U.S.S.G. § 2C1.1(b)(2)(A). However, the parties agree that, pursuant to U.S.S.G. § 2C1.1(b)(2)(B), the offense level must be increased by 8 levels because the offenses involved a payment for the purpose of influencing an elected official. The offense level is therefore increased to 20 (12 + 8 = 20).

D. <u>No Acceptance of Responsibility Adjustment</u>. Although the defendant is now acknowledging his responsibility for the criminal conduct charged in the Indictment and found by the jury in its guilty verdict. However, both because of the post-conviction timing of this acceptance and his trial testimony under oath denying responsibility, the parties agree that the defendant is not entitled to receive any reduction for acceptance of responsibility. The parties further agree that none of the adjustments set forth in U.S.S.G. §§ 3A1.1 through 3C1.2 is applicable in this case.

E. Criminal History. Based on the criminal history information and calculations set forth in the presentence investigation report, the parties agree that the defendant has a criminal history category of II.

F. Guideline Range. Based on the foregoing offense level and criminal history, the sentencing guideline range is 37-46 months imprisonment.

G. Downward Departure Based on Diminished Capacity. The parties agree that the defendant's diminished capacity, as demonstrated by a report citing certain findings of Peter D. Marston, Ph.D., L.P., in correspondence provided to the government on March 14, 2005, provides sufficient grounds for a limited departure from the applicable guideline range pursuant to U.S.S.G. § 5K2.13. The defendant agrees to submit the foregoing correspondence to the Court under seal. The parties agree jointly to recommend that the Court apply a one-level downward departure to the offense level, so that the resulting stipulated sentencing guideline range is 33 to 41 months of imprisonment. The defendant, however, expressly acknowledges that his diminished capacity in no way excuses or otherwise negates his responsibility for his acts of bribery and related conduct in this matter.

H. Sentencing Recommendation. The parties further stipulate that the appropriate sentence based on the offense conduct and individual background of this defendant is a sentence

of 33 months of imprisonment which is within the sentencing range contemplated by the above factual stipulations and is "reasonable" within the meaning of that term under 18 U.S.C. §3553(a). Both parties will seek a sentence of 33 months imprisonment from the Court and neither party may argue for or suggest purported aggravating or mitigating factors tending to influence a different sentence.

I. Fine Range. If the adjusted offense level is 20, the fine range is $7,500 to $75,000. There is no agreement as to whether a fine will be imposed, and, if imposed, the amount of such a fine.

J. Supervised Release. There is no agreement as to the length or condition of supervised release that the Court will impose in this case, except that the parties agree that the guideline range for a term of supervised release is at least 2 years but not more than 3 years.

K. Cost of Prosecution, Supervision and Imprisonment. There is no agreement as to the imposition on the defendant of the costs of his prosecution, supervision, and imprisonment.

6. Waiver of Appeal and Collateral Review. The defendant is expressly aware that he has the right to appeal and to collaterally challenge his conviction and the sentence imposed in this case. Acknowledging these rights, in exchange for the concessions made by the United States in these sentencing stipulations, the defendant

hereby waives all rights, such as those conferred by Title 18, United States Code, Sections 3742 and 2255, to appeal either directly or collaterally (such as by a habeas petition), his conviction and his sentence on any ground, unless the sentence exceeds the parties' sentencing recommendation of 33 months imprisonment, in which case the defendant retains the right to appeal his sentence but not his conviction. The defendant understands the rights being waived in this paragraph, the defendant has discussed these rights and the waiver of them with his attorney, and the defendant waives these rights knowingly, intelligently, and voluntarily.

7. Entire Agreement. The foregoing accurately sets forth the full extent of the sentencing stipulations in the above-captioned case. There are no other agreements or understandings between the parties not contained herein.

Dated: 5-12-05

THOMAS B. HEFFELFINGER
United States Attorney

By: ______________________
BY: MICHAEL W. WARD
Assistant U.S. Attorney
Attorney ID Number 190755

NICOLE A. ENGISCH
Assistant U.S. Attorney
Attorney ID #: 215284

Dated: 5-12-05

______________________
BASIM OMAR SABRI
Defendant

Dated: 5-12-05

______________________
ROBERT M. SPEETER
Attorney for Defendant

Dated: 5-12-05

______________________
ALAN D. MARGOLES
Attorney for Defendant